**CHIEF FANENE TOULI, of Nu'uuli,**
**Plaintiff**

**v.**

**CHIEF FAUMUINA TUITA and LEPOPOLE, of Alofau,**
**Defendants**

No. 19-1966

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Malaeimi"]

June 22, 1966

---

Tuia, Counsel for Plaintiff Fanene.
Lauvale Brown, Counsel for Defendants.

OPINION OF THE COURT

ROEL, *Associate Justice.*

On January 26, 1966, Plaintiff filed a petition as head and Matai of the Fanene Family seeking an order of eviction against Defendants from certain land in MALAEIMI, alleged by Plaintiff to be the communal land of the Fanene Family. Defendant Faumuina Tuita filed an answer in May, 1966, partly denying and partly admitting the allegations in the Plaintiff's petition.

The members of the Court viewed the land in question in the presence of the Plaintiff and the Defendants Faumuina Tuita and Lepopole on May 17, 1966.

At the trial Plaintiff Fanene Touli took the stand on

behalf of the Fanene Family. Penelosa and Maisu testified on behalf of the Defendants.

We will not dwell at length into the testimony and the evidence, as it is all part of the record, except to say that it appears from the evidence that Defendants, though members of the Fanene Family, went into the land in question without proper permission from the Matai, Fanene. Neither of the Defendants or their immediate families had ever lived on Fanene land, but had lived in Alofau, on the Eastern District of Tutuila for many years.

In American Samoa it is a universally accepted concept that according to the centuries-old Samoan culture and traditions, the communal lands of a family are under the control of the Matai of the Family. It is further generally accepted that when a member of the Family desires to have a piece of land for his individual use he is to go to his Matai and the Matai will designate a portion of the Family land for his use.

It appears from the evidence that the Defendants went into the land in question without asking the permission of the Matai or without requesting the Matai to designate a portion of the family land for their use. As a matter of fact the Court is satisfied that the Defendants went into the land in question against the wishes of the Matai Fanene.

This Court is of the unanimous opinion that one of the few ways to keep order in the delicate land situation in American Samoa is to uphold the traditional right of the Matai to protect and control the communal land of the Family, so long as that authority is not abused. The Plaintiff, Fanene testified that he is willing to designate a portion of the family land to the Defendants outside of the 62.4 acre tract.

After considering the testimony and the evidence, it is the unanimous opinion of the Court that the land in

question is a portion of a 62.4 acre tract of land by the name of MALAEIMI which is the communal land of the Fanene Family, the plat and metes and bound description of said parcel being registered in Volume I, Native Titles, Pages 219–221.

It is further the unanimous decision of the Court that the Plaintiff, Fanene Touli, is the present head and Matai of the Fanene Family and as such he has the pule and authority of all the communal land of the Fanene Family.

The Court further finds that Defendants, Faumuina Tuita and his son Lepopole are members of the Fanene Family. The evidence further revealed that the Fanene communal lands are extensive and are several times as large as the plat where the land in question is situated. The testimony further revealed that the Plaintiff testified that as head of the Fanene Family he was willing and ready to assign to Defendants a portion of land outside the 62.4 acre tract.

The Court further finds that there is now standing on the land in question a palagi-style concrete structure which has been recently occupied by Defendant Faumuina's wife, and that said building was built by Plaintiff's lessee Cesera Brown and was left there after the expiration of the lease. We find that said structure is now part of the land and is the communal property of the Fanene Family and is under the control of the Matai of the Family.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. That the Plaintiff's petition for eviction against Faumuina Tuita and Lepopole be, and the same is hereby granted. That the Plaintiff, as the Matai, has the pule and control of all communal land of the Fanene Family.

2. That the Defendants remove all their plantations and the Samoan fale not later than seven (7) months after the filing of this decision, and they are immediately pro-

725

hibited from putting in any more plantations on the land in question.

3. The palagi house on the land is to be vacated by the Defendants not later than one (1) month after the filing of this decision.

4. That the Plaintiff, as the Matai of the Fanene Family, is to assign Defendant Lepopole a portion of Fanene communal land for his use in a location designated by the Matai not later than two (2) months after the filing of this decision. Defendant Faumuina testified that he did not live on the land in question and therefore did not require the Matai to assign him a portion of the Fanene communal land to live on. The Court is ordering that Defendant Lepopole be assigned a place by the Matai within two (2) months so that he will have an opportunity to start a new plantation before he has to take all of his plantation out from the land in question as above ordered.

5. Court costs in the amount of $25.00 are hereby assessed against Defendants Faumuina Tuita and Lepopole, each to pay the sum of $12.50 within thirty (30) days.

Done this 22nd day of June, 1966.